**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

STEVEN A. SPEAR,

    Plaintiff,

vs.                                                                Case No.  4:14cv445-WS/CAS

CORIZON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, has filed a second amended complaint.  Doc. 18. This version of the complaint has been reviewed as is required by 28 U.S.C. § 1915A.

    Plaintiff alleges that he has a history of GERD (acid reflux) and IBS (irritable bowel syndrome).  Doc. 18 at 5.  Plaintiff states that Corizon has refused to refill his prescription of Zantac for his chronic GERD condition as a cost savings measure.  *Id.* at 6.  Due to that policy, Defendant Kirkland could not renew his prescription.  *Id.* Defendant Gaspard, a physician, allegedly denied Plaintiff's grievance on this issue without any medical testing, procedures, or evaluation.  *Id.*  Plaintiff alleges that he last took Zantac on August 26, 2014, and claims that he has been suffering with chronic

daily heartburn, abdominal pain, and stomach discomfort.  *Id.* at 7.  In September 2014, Plaintiff was given another medication to try for his complaints concerning his GERD, Alamag Plus, but Plaintiff alleges that the new prescription caused more problems.  *Id.* at 7.  Defendant Kirkland eventually reinstated the Zantac on an unspecified date, but Plaintiff indicates it will expire on April 21, 2015.  *Id.*  Plaintiff seeks a preliminary injunction which will prevent the withdrawal of that medication.  *Id.*  Plaintiff also requests monetary damages of $100.00 per day for his pain and suffering.  *Id.* at 9.  Plaintiff alleges that Defendant Gaspard, the Medical Director, denied his grievance concerning this issue.  *Id.*

Plaintiff's claims are premised upon the Eighth Amendment which imposes duties on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care . . . ." Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994).  It is well established that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  A "'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Hill v. Dekalb Regional Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D. N.H. 1977)).  For present purposes, it will be accepted that Plaintiff had a "serious medical need" in the sense that "if left unattended, [his condition] poses a substantial

risk of serious harm." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (citing Hill, 40 F.3d at 1188-89, and Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)).

The concept of deliberate indifference entails something more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm. Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994). Deliberate indifference has been described as a culpable state of mind of the defendant to unnecessarily and wantonly inflict pain or harm to a prisoner by depriving him of a basic human need. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). A "simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" will not support a claim of cruel and unusual punishment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious." Hill, 40 F.3d at 1186 (quoted in Shaw v. Coosa Cnty. Comm'n, 434 F. Supp. 2d 1179, 1192 (M.D. Ala. 2005).

Construing Plaintiff's allegations liberally and accepting them as true, Plaintiff alleges that the medication of his choice, albeit one which he had been receiving for many years, was withdrawn in an effort to reduce costs. Plaintiff was without Zantac 150, or perhaps any medication for GERD, from August 27, 2014, until September 11, 2014, approximately two weeks. Plaintiff was provided with an alternative medication

to try for his GERD symptoms. When that medication proved ineffective and more problematic, Plaintiff was returned to his original medication.

Notwithstanding that the decision to not provide Zantac for a period of time was due to a desire to save costs, it does not violate the Constitution to do so simply because it was made in the prison context. Thousands of free citizens each year face similar issues when health insurance providers seek to save money by directing customers to try other medications which cost less. After a trial period of usually several months, customers must seek re-approval to continuing receiving a medication if it can be shown that a lesser expensive medication was insufficient. The reality is that monetary costs are part of the considerations which all citizens face when seeking medical care. Although Plaintiff alleged facing some discomfort during the short period of time he was without Zantac, Plaintiff was not ignored as efforts were made to tend to his medical needs. When Defendant Kirkland was made aware that the alternative medication was not treating Plaintiff's condition, Plaintiff was returned to the Zantac. This is not a situation where a defendant failed to respond to Plaintiff's complaints, or where "the medication provided to [the prisoner] was so cursory as to amount to no care at all." *See* McElligott v. Foley, 182 F.3d 1248, 1257 (11th Cir. 1999). Plaintiff has not shown that any named Defendant was deliberately indifferent to his needs. The second amended complaint should be dismissed for failure to state a claim.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 18, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting

this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 28, 2015.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**